# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1364V

|  |  |
|---|---|
| JOSEPH FRANK and PAIGE FRANK, parents of P.F., a minor,<br><br>                  Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: May 14, 2025 |

*Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioners.*

*Elanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On September 23, 2022, Joseph and Paige Frank ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of their minor child, P.F. Petitioners allege that P.F. suffered idiopathic thrombocytopenic purpura ("ITP") after receiving measles-mumps rubella, varicella, Hepatitis A, and influenza vaccinations on October 20, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 11, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for ITP. On May 13, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners should be awarded $65,000.00 in pain and suffering to be placed into a guardianship for the benefit of P.F. and $13,381.00 for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

past unreimbursable expenses incurred by Petitioners. Proffer at 2-3. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

1) **a lump sum payment of $65,000.00, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners as guardians/conservators of the estate of P.F. for the benefit of P.F.; and**

2) **a lump sum payment of $13,381.00, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement to Petitioners.**

These amounts represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JOSEPH FRANK and PAIGE FRANK,
Parents of P.F., a minor,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.

No. 22-1364
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 23, 2022, Joseph Frank and Paige Frank ("petitioners") filed a petition for compensation ("petition") on behalf of their minor child ("P.F.") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act" or "Act"). Petitioners alleges that P.F. suffered idiopathic thrombocytopenic purpura ("ITP" as a result of a the measles-mumps rubella ("MMR"), varicella, Hepatitis A ("Hep A"), and influenza vaccinations administered to her on October 20, 2021. Petition at 1.

On December 10, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on December 11, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 33; ECF No. 34.

## I.    Items of Compensation

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $65,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $13,381.00.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to P.F. should be made through a combination of lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

**A.** A lump sum payment of $65,000.00 in the form of a check payable to petitioners as guardians/conservators of P.F., for the benefit of P.F.  Petitioners represent that petitioners presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of P.F.'s estate under the laws of the State of Utah.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of P.F.'s estate.  If petitioners are not authorized by a court of

---

[1] Should P.F. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

competent jurisdiction to serve as guardians/conservators of the estate of P.F., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of P.F. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of Utah after P.F. has attained the age of majority, any such payment shall be paid to P.F. upon submission of written documentation of the termination of guardianship to the Secretary.

**B.** A lump sum payment of $13,381.00, representing compensation for past unreimbursable expenses.

Summary of Recommended Payments Following Judgment

Lump sum to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners as guardians/conservators of the estate of P.F. for the benefit of P.F.: **$65,000.00**

Lump sum to be paid through an ACH deposit to petitioners' counsel's IOLTA account for prompt disbursement to petitioners: **$13,381.00**

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Eleanor A. Hanson
ELEANOR A. HANSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 305-1110
Eleanor.Hanson@usdoj.gov

DATED:  May 13, 2025